Edgar G. Murphy, Jr., and Alice C. Murphy, His Wife v. Commissioner.
Edgar G. Murphy v. Commissioner
Docket No. 6097.
United States Tax Court
1945 Tax Ct. Memo LEXIS 111; 4 T.C.M. (CCH) 813; T.C.M. (RIA) 45259; July 28, 1945
*111 Paul A. Andrews, Esq., for the petitioners. Clay C. Holmes, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: The major portion of a deficiency in income tax for the year 1941 in the amount of $529.59 is contested in this proceeding. The issue is whether the sale by Edgar G. Murphy, Jr., hereinafter called petitioner, of certain stock resulted in a deductible loss as petitioner contends, or in taxable gain as determined by respondent. The answer depends upon whether petitioner is entitled to include in his basis the cost of other stock in the same corporation which was surrendered to it in prior years. Findings of Fact The petitioners, Edgar G. Murphy, Jr., and Alice C. Murphy, his wife, reside in Oswego, New York. They filed a joint income tax return for the calendar year 1941 with the collector for the twenty-first collection district of New York. Petitioner acquired during the years 1920 to 1922, 90 shares of the common stock of Wilcox Bros. Grocers, Inc., and 10 shares of the preferred stock of this corporation for which he paid $10,000, or $100 a share. In 1922, when petitioner owned 90 shares of common stock and *112 10 shares of preferred, W. A. Rogers owned 973 shares of preferred and 90 shares of common. C. H. Evarts owned 5 shares of preferred and G. L. Stevens owned a small number of shares of preferred. In 1922, in order to benefit the financial position of the corporation, petitioner and W. A. Rogers turned in one-half of the common stock held by them or 45 shares each. At the same time petitioner turned in 5 shares, or one-half, of his preferred stock, and W. A. Rogers turned in 486 1/2 shares, or one-half, of his preferred stock, and in addition 3 1/2 shares of preferred stock to represent one-half of that held by Evarts and Stevens, or 490 shares in all. Neither Evarts nor Stevens turned in any stock at any time. In 1924 petitioner and W. A. Rogers turned in the balance of the common stock of the corporation held by them, or 45 shares each. For the surrender of the said 5 shares of preferred and the said 45 shares of common, petitioner received no consideration. Nor did he receive any consideration for the balance of his 45 shares of common stock which was turned in in 1924. Petitioner sold the 5 remaining shares of preferred in February of 1941 for $130 per share or $650. *113 In his return for 1941 petitioner claimed a net long-term capital loss of $2,065.21. Respondent disallowed the loss and held that there was a net long-term gain of $1,420.45 in so far as the sale of the 5 shares of preferred stock was concerned. Respondent also disallowed a deduction of $3.90 for the cost of hunting and dog licenses, and this item is not in dispute. Opinion On the sole issue whether petitioner, when he sold the balance of his stock in the tax year, is entitled to deduct a loss computed by using as the basis the cost of his entire investment, including the stock previously surrendered, we think the principle of Kistler v. Burnet (C.A.D.C.), 58 Fed. (2d) 687, is controlling: The Bureau of Internal Revenue has consistently held that the surrender by stockholders ratably of a portion of their stock to the corporation for the purpose of supporting its credit constitutes capital contributions which are to be considered as additional cost to the stockholders of the stock retained; and that in such cases gains or losses of the stockholders are to be ascertained upon the final disposition of such stock. * * * * *
The present case is similar in principle *114 to cases wherein a stockholder, in order to benefit the financial condition of a corporation, without other consideration, either voluntarily or by assessment, pays additional cash into the corporation in proportion to his holdings. It has been uniformly held that such payments are capital contributions, that no deductible loss is thereby sustained by the stockholders, and that gain or loss therefrom is to be determined and accounted for when the stockholders' shares are finally sold or otherwise disposed of. * * * As far as petitioner was concerned, all of these requirements were met. That another stockholder chose to carry slightly more than his own burden cannot proceed so far as to eliminate these inescapable facts. It would be a futile and indeed mischievous rule that would permit stockholders to take a loss by so slight a variance in contribution as occurred here, particularly when the intention to adhere to the principle of ratable contribution is so manifest, as it is hard to believe that respondent would not be the first to urge, if petitioner were now before us claiming that the prior transaction resulted in deductible loss. But if it did not, petitioner can recover his *115 cost only by allowing him to take the loss now, upon disposition of the last remnant of his holdings. We think respondent erred. Decision will be entered under Rule 50.